## FIRST NAT. BANK IN MERIDIAN v. RUBENSTEIN et al.

### No. 1524.

Court of Appeal of Louisiana. First Circuit. Dec. 9, 1935.

Breazeale & Sachse, of Baton Rouge, for appellants.

Bert E. Durrett, of Baton Rouge, for appellee.

DORE, Judge.

The plaintiff bank institutes this suit against the several defendants on a note for

$1,000, with 6 per cent. interest and attorney's fees; the same having been executed and issued by Mrs. Madeline P. Rubenstein as executrix of, and on behalf of, the estate of I. H. Rubenstein, deceased. The defendants are the said Mrs. Madeline P. Rubenstein, surviving widow, and heirs at law of the de cujus, and who had been placed in the simple and unconditional possession of all of the property, rights, and credits belonging to the said estate. In other words, as widow and heirs of the deceased, the defendants had accepted the succession, and hence were liable in virile proportion for all of the debts thereof.

It appears from the record that the plaintiff bank was the holder and owner of a note of the same amount and tenor as the note sued on and executed by the de cujus Rubenstein some time prior to his death. After the widow, Mrs. Madeline P. Rubenstein, had qualified as executrix of the estate, and the note in question being past due, a new or lieu note was executed by the executrix on behalf of the estate she represented, and presumably the original note was canceled and surrendered. The circumstances surrounding this transaction were not developed on the trial of the merits, and the version given in the petition differs somewhat from that contained in the answer of the defendants. The plaintiff alleges in paragraphs 9 and 10 of the petition that it demanded payment of the original note from the executrix, who, being without sufficient funds for account of the estate at that time, prevailed upon the plaintiff bank to accept a new or lieu note which granted additional time for payment, but which lieu note did not change in anywise the obligations under the original note which had been executed by the de cujus. The defendants contended that the lieu note was executed by the executrix upon the urgent request of the plaintiff bank that some acknowledgment by the estate of the indebtedness be executed by the executrix. The circumstances surrounding the execution of the new note are not at all controlling in a decision of this case, but we are rather inclined to the belief that the plaintiff's version of the matter is more reasonable than that given by the defendants. The plaintiff's note was alive, and the succession apparently entirely solvent, and the bank could have quickly pursued the estate for collection of the same. Aside from these considerations it is admitted in the answer that when the executrix filed in the succession proceedings a list of the debts thereof, the note sued on was carried thereon as a subsisting valid obligation.

The only question of serious moment is whether or not the lieu note executed by the executrix on behalf of the estate she represented is an enforceable obligation. It is conceded by counsel for the defendants that the executrix would have the legal right to recognize a debt due by the deceased, and it seems also to be conceded that such recognition would prevent or interrupt the running of prescription in favor of the estate. Counsel argue with great ingenuity that while the executrix could recognize an obligation due by the estate, she could not create an obligation, and they cite sufficient authority for this latter proposition. On the other hand, counsel for the plaintiff bank forceably argue that the giving of the new note by the executrix, Mrs. Madeline P. Rubenstein, was merely an acknowledgment of the old debt admitted to have been due at the time, and he cites as authority for his position the Succession of Andreas Mansion, 34 La.Ann. 1246, and which, it appears to this court, is decisive of the point involved. In that case the identical issue involved in this case was presented to the Supreme Court i. e., as to the power and authority of an executrix, in her capacity as such, to execute a note in lieu of an obligation executed by the de cujus and falling due a few days after his death. The executrix, however, borrowed from the holder of the original note an additional $200 for the use of the succession, and the lieu note issued by her was for $700 instead of $500, the amount of the original note. The court held in that case that while the executrix had no power to contract a debt on behalf of the succession as far as the $200 loan was concerned, at the same time she unquestionably had the power to acknowledge and put in the form of a note, carrying no additional obligation on the estate, an old subsisting debt due by it. We excerpt the following from that decision:

"The claim of John Becker is in the shape of a promissory note executed by the executrix, in her capacity, in June, 1880, and made payable six months of the date, and is resisted on the ground that the executrix had no power to contract debts for, or bind the succession by a promissory note.

"The record shows that at the death of Mansion in June, 1873, John Becker, a brother of the executrix, held his note for $500, falling due a few days after Mansion's death, and that having made a loan

to his sister, the executrix, of $200, for the use of the succession, he delivered to her Mansion's note of $500, receiving in lieu thereof, and to represent the additional sum of $200, his sister's note for $700 on which she paid interests annually and regularly, and which she renewed, by executing another note several times.

"We construe these acts of the executrix as an unqualified acknowledgment of the succession's indebtedness to Becker for $500, and that such acknowledgment, followed by an annual payment of interests, has kept the claim alive and suspended prescription. But we cannot hold the succession liable for the additional sum of two hundred dollars borrowed by the widow Mansion before the succession was opened, as shown by the record; she had no authority to contract a debt on behalf of a succession as executrix, a fortiori she was powerless to do so previous to her qualification as executrix."

The pretensions of the defendants in this case are highly technical, and certainly present nothing for equitable consideration. The deceased Rubenstein owed a valid subsisting obligation to the plaintiff bank, and who had apparently been extremely indulgent in enforcing collection. After his death and the executrix was qualified, she herself, and the heirs for that matter, did not dispute the verity or amount of the claim as a just claim against the succession, for the executrix herself listed the amount of the lieu note as a legitimate claim. The trial judge refused to sustain the exception of no cause of action, and which appears to have presented the real defense of the defendants, and on the trial of the merits he accorded judgment to the plaintiff bank. We believe his judgment to be correct, and the same is hereby ordered affirmed.